IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

FILED

2:57 pm, 12/18/09

Tim J. Ellis
Clerk of Court

| | |
|---|---|
| In re ) | |
| ) | |
| CONNIE SUE RELKA, ) | Case No.  09-20806 |
| ) | Chapter 7 |
| Debtor. ) | |

## MEMORANDUM OPINION

On November 8, 2009, this matter came before the Court for an evidentiary hearing on the Motion for Order Granting Relief from Automatic Stay filed by Aurora Loan Services, LLC, its assigns and successors, ("Creditor") and the objection filed by Connie Relka ("Debtor").  The Court took the matter under advisement and is now prepared to rule.

### Issues

(1) Was Aurora Loan Services, LLC the proper party to bring the motion for relief from the automatic stay?

(2) Should the Creditor be granted relief from the automatic stay?

### Jurisdiction

This Court has jurisdiction under 28 U.S.C. §157(b)(2)(G).[1]

### Facts

The parties stipulated to the following facts and exhibits at the hearing:

---

[1] Unless otherwise specified, all future statutory references in the text are to Title 11 of the United States Code.

(1) On September 29, 2006, a promissory note was given by the Debtor,[2] mortgagor, in favor of Lehman Brothers Bank, FSB in the original amount of $133,600.00 ("Note").

(2) At the same time, Debtor gave a mortgage in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Lehman Brothers Bank, FSB, mortgagee, to secure payment of the Note.

(3) The mortgage was recorded October 2, 2006, Document Number 802421, in the Office of the Clerk of Natrona County, Wyoming.

(4) The mortgage was re-recorded on November 17, 2006 as Document Number 805894, in the office of the Clerk of Natrona County, Wyoming in order to include the interest only addendum and the addendum to the adjustable rate rider.

(5) Debtor filed a voluntary petition for relief under chapter 7 of the United States Bankruptcy Code[3] on August 18, 2009.

(6) The Debtor's estate includes the real property described as:

> THE EAST 20 FEET OF LOT 15 AND THE WEST 20 FEET OF LOT 16, BLOCK 161, CITY OF CASPER, NATRONA COUNTY, WYOMING ACCORDING TO THE PLAT RECORDED NOVEMBER 16, 1917, IN BOOK 18 OF DEEDS, PAGE 363.

more commonly known as 618 West 14th Street, Casper, Wyoming 82601.

(7) The mortgage identified and entered into evidence as "Exhibit 2," is a true and correct copy of the original.

(8) On September 23, 2009, an Assignment of Mortgage was recorded as Document Number 875809, in the Office of the Clerk of Natrona County, Wyoming.

---

[2] At the time Ms. Relka executed the note and mortgage, she was not a debtor in bankruptcy. For ease of identification, Ms. Relka is identified as "Debtor" throughout this opinion, including pre-petition transactions.

[3] 11 U.S.C. § 101, *et seq.*

(9) The Assignment of Mortgage, identified and entered into evidence as "Exhibit 3," is a true and correct copy of the original.

(10) The Debtor has not made any mortgage payments or payments toward the then exiting arrears since she filed for bankruptcy protection.

(11) Debtor estimated the value of the property as $175,952.00 and listed a second mortgage on the property in the amount of $33,739.01.

(12) Debtor stipulates that there is no equity in the Property.

After the conclusion of the hearing and upon review of the evidence, the Court further finds:

The Corporate Assignment of Mortgage assigned the mortgage from Mortgage Electronic Registration Systems, Inc. as Nominee for Lehman Brothers Bank, FSB. a Federal Saving Bank, Its Successors and Assigns ("Assignor") to Aurora Loan Services LLC ("Assignee").

Neva Hall, testified on behalf of the Creditor. Ms. Hall testified that the Creditor is a loan servicing company. Ms. Hall is the Assistant Vice President of the Bankruptcy Division. Her department is responsible for filing proofs of claim, posting payments, monitoring accounts and filing motions for relief from stay if a debt is delinquent.

Ms. Hall testified that she is familiar with the note and mortgage signed by the Debtor as the Creditor holds the note. The Creditor has been the loan servicer of the Debtor's loan since the first payment was due.

Ms. Hall testified to the history of the Debtor's payments. The Debtor submitted her first payment in a timely manner in November, 2006.[4] However, after that the Debtor incurred numerous late charge assessments beginning with the second payment that was due. The last payment that was received from the Debtor was in July, 2008.

The Debtor provided three different copies of Page 4 of the Note. The copy of the Note attached to the motion for relief from stay did not have any endorsement.[5] The next copy, Exhibit B, shows two endorsements: (1) Payable to the order of Lehman Brothers Holdings Inc. without recourse by Lehman Brothers Bank, FSB, by Rick W. Skogg Vice President; and (2) Pay to the order of [blank] without recourse by Lehman Brothers Holdings Inc. by Paul Syeen, Authorized Signatory.[6] Ms. Hall testified that she went to the Creditor's "vault" in Scottsbluff, Nebraska to retrieve the note for the purpose of bringing it to the evidentiary hearing as an exhibit. She was not allowed to take the original note with the blank endorsement as the document is a negotiable instrument and at risk for loss. For security purposes, the "blank endorsement" was stamped to be payable to "Aurora Loan Services LLC." Ms. Hall did not know when Aurora came into possession of the note.

---

[4]Exhibit 4. Debtor's Payment History. Exhibit was stipulated to and offered by the parties.

[5]Respondent's Exhibit A.

[6]Respondent's Exhibit B.

**Discussion**

 (1) <u>Standing</u>

Before the Court can address the issue of relief from stay, it must first determine if the Creditor has standing to bring the motion. A motion for relief from the automatic stay is a contested matter. An action must be prosecuted in the name of the real party in interest.[7] A movant seeking relief from the stay has the burden of proving it is a real party in interest.[8] It may rely upon its motion to establish that it is a party in interest and that its rights are not those of another entity. However, if a trustee or debtor objects based upon standing, the movant must come forward with evidence of standing.[9]

This is a matter of first impression in this Court. Within the Tenth Circuit, the Kansas Supreme Court made a finding in a similar case. Other jurisdictions have issued opinions on similar and related issues, and, while those opinions are not binding, the Court finds them to be useful in the analysis of the issue of standing to bring motions for relief from stay.

---

[7]Fed. R. Civ. P. 17(a)(1) made applicable to contested matters by Fed. R. Bankr. P. 7017.

[8] *Mortgage Electronic Registration Systems, Inc., v. Lisa Marie Chong, Leonard E. Schwartzer, Bankruptcy Trustee, et al.*, Dist. Ct. Case No. 2:09-CV-00661. (D. Nev. December 4, 2009)., citing *In re Jacobson*, 402 B.R. 359, 365-66 (Bankr. W.D. Wash. 2009); *In re Hwang*, 396, B.R. 757, 766-67 (Bank. C.D. Cal. 2008).

[9]*Chong, supra.*

The most recent ruling is from the United States District Court, District of Nevada that upheld the Bankruptcy Court's order denying a motion to lift the stay.[10] The Bankruptcy Court held a joint hearing for twenty-seven cases involving MERS. The Court denied MERS' motions for relief and incorporated the reasoning from the Mitchell Memorandum Opinion.[11]

The Nevada Bankruptcy Court determined that MERS had to have both constitutional and prudential standing, and be the real party in interest in order to be entitled to "lift-stay relief." Constitutional standing, under Article III, requires that a party, at a minimum, must have suffered some actual or threatened injury as a result of the defendants' conduct.[12] The movant also has to have prudential standing. This is a judicially-created set of principles that places limits on the class of persons who may invoke the court's power.[13] Prudential standing correlates with the requirement that an action must be prosecuted in the name of the real party in interest, under the Fed. R. Civ. P. 17. The Bankruptcy Court held that while MERS may have standing to prosecute the motion in the name of its member as a nominee, there is no evidence that the named nominee is entitled to enforce the note or that MERS is the agent of the note's holder.

---

[10]*Chong, supra.*

[11]*In re Mitchell*, Memorandum Opinion, United States Bankruptcy Court, District of Nevada, Case No. BK-s-07-16226 (August 19, 2008).

[12]*Chong, supra, citing Valley Forge Christian Coll. v. Am. United for Separation of Church and State*, 454 U.S. 464, (1982).

[13]*Supra, citing Warth v. Seldin*, 422 U.S. 490 (1975).

Other cases that have determined that the party lacked standing to bring the motions for relief are: *In re Hayes* (finding that the bank failed to trace the mortgage from the lender, the original holder, to itself and did not have party in interest standing[14]); *In re Wilhelm*, (creditors had not established that they had a legal interest in the notes or were entitled to enforce the notes. None of the notes named the creditors as payee or was indorsed, either in blank or to a specific person or entity, the creditors have not shown that they possessed the notes, and they had not shown that a mortgage registration systems company, that was identified as the beneficiary under each deed of trust, had the power to assign its rights to the creditors [15]); *In re Sheridan*, (nominee did not provide evidence that the investment trust of the bank had any interest in the note and deed of trust[16]); *In re Jacobson,* (held that the servicing agent submitted no evidence that it was authorized to act for whomever held the note. At a minimum, there must have been an unambiguous representation or declaration setting forth the servicing agent's authority from the present holder of the note to collect on the note and enforce the deed of trust[17]); *In re Hwang*, (upon reconsideration, the court held that the holder of the note was entitled to enforce the note under state law, notwithstanding the sale of the note,

---

[14]*In re Hayes*, 393 B.R. 259 (Bankr. Mass. 2008).

[15]*In re Wilhelm*, 407 B.R. 392 (Bankr. Id 2009).

[16]*In re Sheridan*, Case no. 08-20381 2009 Bankr. LEXIS 552 (Bankr. D. Idaho March 12, 2009).

[17]*In re Jacobson*, 402 B.R. 359 (Bankr. W.D. Wash. 2009).

because the holder had not yet delivered the note to the buyer. The holder had to join the owner of the note as the real party in interest. However, the holder failed and refused to join, so the motion for relief was ultimately denied[18]); *Landmark National Bank v. Kesler*, (the Kansas Supreme Court found that the relationship that the registry had to the bank was more akin to that of a straw man than a party possessing all the rights given a buyer[19]).

Cases that determined that the movant had standing include: *In re Darlington* (movant established that it was the holder of the note and entitled to enforce the note through the testimony and evidence presented by an employee of the loan servicer, who was familiar with the maintenance of the business records and presented a copy of the promissory note that was in its possession[20]); and, *In re Hill* ( testimony presented showed that the movant had physical possession of the note and produced the original note at the hearing.[21]).

In order to determine if the Creditor in this case has standing, the Court must consider both federal and state law. Under state law, the Court considers: (1) if a person is entitled to enforce the note; (2) who is the holder of that note; and, (3) if the mortgage has been properly recorded.

---

[18]*In re Hwang*, 396 B.R. 757 (Bankr. C.D. Cal. 2008).

[19]*Landmark National Bank v. Kesler*, 216 P.3d 158 (Kan. 2009).

[20]*In re Darlington*, Case Number 09-10691. 2009 Bankr. LEXIS 3577, (N.D. Geo. September 11, 2009.)

[21]*In re Hill*, No. 2:08-bk-16161, 2009 Bankr. LEXIS 1882 (Bankr. Ariz. July 6, 2009).

To determine the person entitled to enforce an instrument,[22] the Court looks to Wyoming law, which states that the:

> "Person entitled to enforce an instrument means (1) the holder of the instrument, (2) a nonholder in possession of the instrument who has the rights of a holder, or (3) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to section 34.1-3-309 or 34.1-3-418(d). A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument."[23]

Additionally, Wyoming law states that an instrument with a blank indorsement is payable to the bearer,

> "(b) If an indorsement is made by the holder of the instrument and it is not a special indorsement, it is a "blank indorsement." When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed."[24]

Wyoming law also requires that the mortgage or any assignment of that mortgage, be properly recorded before a foreclosure action can be initiated. "A mortgage foreclosure sale is invalid as between the parties, unless the mortgage has been fully recorded..and if it has been assigned, that all assignments have been recorded..."[25]

---

[22]"Instrument" means a negotiable instrument. Wyo. Stat. 34.1-9-102(xlvii) and 34.1-3-104. An instrument is a "note" if it is a promise. Wyo. Stat. 34.1-3-104(e).

[23]Wyo. Stat. §34.1-3-301 (2009).

[24]Wyo. Stat. §34.1-3-205 (2009).

[25]Wyo. Stat. §34-4-103 (2009).

Upon review, in the case before this Court, the Creditor brought this action in its own name. The Creditor had possession of the note, as evidenced by the testimony of Ms. Hall, who testified that as an officer of the Creditor, she went to the vault, located in Scottsbluff, Nebraska, to get the original Note. Ms. Hall testified at that time, the Note was endorsed in blank. This is supported by her testimony that she watched the blank endorsement be changed to an endorsement that the Creditor was the payee for security purposes as she intended to travel with the original Note. The unexplained confusion caused by the difference in Exhibit A and Exhibit B, does not change the evidence that was presented, that the Creditor was in possession of the Note, which was endorsed in blank when Ms. Hall picked it up from the vault in Nebraska. Under Wyoming law, the Creditor was the person able to enforce the note with the blank endorsement. The Creditor may also be entitled to enforce the instrument "even though the person is not the owner of the instrument or is in wrongful possession of the instrument." Therefore the confusion of the endorsements, is covered under Wyoming law.

The Corporate Assignment of Mortgage was executed and recorded. The issue regarding the Assignment, is whether MERS had authority to assign the mortgage to the Creditor, on behalf of the Lender, Lehman Brothers Bank. Upon review of the mortgage, MERS was designated as the mortgagee under the security instrument, "acting solely as a nominee for Lender and Lender's successors and assigns.[26]" Additionally, the language of the mortgage states,

---

[26]Exhibit 2, Mortgage. The exhibit was stipulated to and offered by the parties.

> "Borrower understands and agrees that MERS holds only legal title to the interest granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successor and assign) has the right to exercise any or all of those interest, including, but not limited to, the right to foreclose and sell the property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument."

One of the actions that this Court would include in this non-exclusive listing of rights, is the right to assign the mortgage. The mortgage was assigned and properly recorded under Wyoming law as evidenced on the front of the document.

As to whether the Creditor satisfied its burden of demonstrating that it is in possession of the note, Ms. Hall testified that she went to the Creditor's vault and retrieved the original Note to bring it to the hearing. The Creditor established that it is the holder of the note and entitled to enforce the note. The assignment of the mortgage was, by the authority of the language of the original mortgage, assigned and properly recorded under Wyoming law.

A stay relief motion must also be brought, in connection with secured debts, by the entity that is entitled to payment from the debtor and to enforce security for such payment.[27] The Note is payable to the Creditor as evidenced by the endorsements and the Creditor is entitled to payment from the Debtor. Accordingly, the Court finds that the Creditor is the proper party to seek relief from the stay.

---

[27] *In re Sheridan*, Case No. 08-20381, Bankr. LEXIS 552, (Bankr. D. Ida. March 12, 2009).

(2) <u>Relief from stay</u>

Section §362(d), provides that on the request of a party in interest, and after notice and hearing, the Court may grant relief from the stay under certain circumstances. Relief may be granted for cause, or if the debtor does not have equity in the property and the property is not necessary for an effective reorganization.

The Debtor has not made a payment since July 2008. Creditor alleged that the Debtor was $13,906.16 past due as of the date the filing of the motion for relief from stay. No testimony was presented to dispute this amount. Debtor admitted, by way of the stipulated facts: that she had not made a payment since the bankruptcy was filed, nor does she have equity in the property. As this is a chapter 7 bankruptcy case, which is a liquidation case, the property is not necessary for an effective reorganization. The Court finds that there is cause to grant the motion for relief from stay.

In accordance with the Court's holdings above the Court shall enter a separate final order.

DATED this _18_ day of December, 2009.

By the Court

_____
HONORABLE PETER J. MCNIFF
United States Bankruptcy Judge

Service to:
    Stephen Winship
    Patricia Michitsch

Page 12